IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No. 5:26-CR-121 (AJB) |
| | ) | |
| **v.** | ) | **Government Sentencing Memorandum** |
| | ) | |
| **PAIGE KINCHELOE,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## I. Introduction

Defendant Paige Kincheloe is scheduled for sentencing on September 29, 2026, following her conviction by guilty plea, pursuant to a Rule 11(c)(1)(A) plea agreement, to one count of access with intent to view child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). The government agrees with the facts, criminal history category, and Guidelines calculation set forth in the Presentence Investigation Report ("PSR," Dkt. No. 39), and, as set forth below, respectfully requests that the Court impose a term of imprisonment within the applicable Guidelines range and a term of post-release supervision of at least 10 years.

## II. Applicable Statutory and Guidelines Provisions

### 1) Statutory Sentencing Provisions

The defendant's conviction for access with intent to view child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), subjects the defendant to a statutory maximum term of 20 years in prison. (PSR ¶ 64.) The maximum fine is $250,000, pursuant to 18 U.S.C. § 3571, and the Court must impose a term of supervised release of between five years and life, pursuant to 18 U.S.C. § 3583(k). The defendant is also subject to the mandatory forfeiture and restitution provisions set

forth in 18 U.S.C. §§ 2253 and 2259, and the assessments set forth in 18 U.S.C. §§ 3013, 3014, and 2259A(a)(2).

**2) Guidelines Provisions**

**a. Plea Agreement**

The plea agreement in this case contains several sentencing stipulations regarding the defendant's offense level. (PSR ¶ 2.) It also provides that the defendant waives her right to appeal or collaterally attack her conviction or any sentence of imprisonment of 135 months or less. (PSR ¶ 4.)

**b. Base Offense Level and Specific Offense Characteristics**

Pursuant to U.S.S.G. § 2G2.2(a)(1), the defendant's conviction for access with intent to view child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), results in a base offense level of 18. (PSR ¶ 29.)

As set forth in the PSR, the offense involved a prepubescent minor or a minor who had not attained the age of 12 years, resulting in a two-level increase to the offense level pursuant to U.S.S.G. § 2G2.2(b)(2). (PSR ¶ 30.)

As set forth in the PSR, the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence or the exploitation of an infant or toddler, resulting in a four-level increase to the offense level, pursuant to U.S.S.G. §§ 2G2.2(b)(4)(A) and (B). (PSR ¶ 31.)

As set forth in the PSR, the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material or for accessing with intent to view the material, resulting in a two-level increase to the offense level, pursuant to U.S.S.G. § 2G2.2(b)(6). (PSR ¶ 32.)

As set forth in the PSR, the offense involved 600 or more images, resulting in a five-level increase to the offense level, pursuant to U.S.S.G. § 2G2.2(b)(7)(D). (PSR ¶ 33.)

**c. Acceptance of Responsibility**

The government agrees with the Probation Office's determination that the defendant is entitled to a three-level downward adjustment of the offense level for acceptance of responsibility pursuant to U.S.S.G. §§ 3E1.1(a) and 3E1.1(b). (PSR ¶¶ 38, 39.)

**d. Criminal History Category**

According to the PSR, the defendant's criminal history category is I. (PSR ¶ 47.) The government agrees with this determination.

**e. Guidelines Range and Sentence**

The government has no objection to the PSR's calculation of the Guideline imprisonment range in this case. (PSR ¶ 65.)

## III. GOVERNMENT'S SENTENCING RECOMMENDATION

Based on the information before the Court, the government respectfully requests that the Court sentence the defendant to a term of imprisonment within the applicable Guidelines range and a term of post-release supervision of at least 10 years. The government submits that the recommended sentence adequately reflects the statutory factors to be considered under 18 U.S.C. § 3553(a) in imposing a sentence, particularly:

> (1) the nature and circumstances of the offense and the characteristics of the defendant;
> (2) the need for the sentence imposed—
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct; [and]
>> (C) to protect the public from further crimes of the defendant.

The defendant's conduct in this case is egregious and deserves a term of imprisonment within the applicable Guidelines range. To the extent the Court is inclined to vary downward from the applicable Guidelines range, the government respectfully requests the Court impose a sentence of at least 60 months, which would be consistent with the mandatory minimum applicable to defendants convicted of receipt of child pornography. Although the defendant has not been convicted of receipt of child pornography and is therefore not subject to the statutory penalties associated with it, a sentence within the range prescribed for receipt of child pornography is appropriate in this case based on the nature and seriousness of the defendant's criminal conduct.

In this case, the defendant engaged in highly sexualized chat communications with another individual from whom the defendant received numerous images and videos of child pornography including a video of the other individual sexually abusing his own son. (PSR ¶ 10–18.) As part of their communications, when the other individual asked the defendant, "is it bad to admit I want to rape my son," the defendant replied, "it[sic] is but that's why I like it hehe." (PSR ¶ 14.) The defendant also directly expressed being sexually aroused by viewing material depicting the sexual abuse of young children and sent the other individual sexually explicit videos of herself including videos depicting a dog licking the defendant's vagina and the defendant inserting objects into her anus and vagina. (PSR ¶¶ 13, 14, 16, 18.) While discussing their mutual desire to sexually abuse their own children, the defendant stated, while referring to the other individual's child, "i do wanna see you[sic] stretch his little hole" and "hold his legs for you while he takes it." (*Id.*) Although it is unclear whether the defendant's encouragement of this other person directly resulted in the other person sexually abusing his own child, the defendant's comments are nonetheless deeply disturbing and demonstrate that she presents a very real and very serious danger to children.

For these reasons, a sentence within the Guideline range is sufficient, but not greater than necessary to comply with the sentencing purposes in 18 U.S.C. § 3553(a)(2). "[I]n the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Kimbrough v. United States*, 552 U.S. 85, 89 (2007); *see*, *e.g.*, *Gall v. United States*, 552 U.S. 38, 46 (2007) (Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions"). Moreover, within-guidelines sentences promote Congress's goal in enacting the Sentencing Reform Act – "to diminish unwarranted sentencing disparity." *Rita v. United States*, 551 U.S. 338, 354 (2007).

Respectfully submitted this 8th day of September 2026

TODD BLANCHE
Attorney General

JOHN A. SARCONE III
First Assistant United States Attorney

By: *_/s/ Adrian LaRochelle_*
Adrian LaRochelle
Assistant United States Attorney
Bar Roll No. 701266