**United States Department of Justice**

*United States Attorney*
*Northern District of New York*

*100 South Clinton Street, P.O. Box 7198*
*James M. Hanley Federal Building*
*Syracuse, New York 13261-7198*
*Tel.: (315) 448-0672*
*Fax: (315) 448-0658*

September 22, 2026

Hon. Anthony J. Brindisi
U.S. District Judge
Alexander Pirnie Federal Bldg. and U.S. Courthouse
10 Broad Street
Utica, NY 13501

RE: *United States v. Paige Kincheloe*
Case No. 5:26-CR-00121 (AJB)

Dear Judge Brindisi,

On September 14, 2026, defense counsel filed a letter with the Court alleging that the U.S. Probation Office ("USPO") had failed to open its file for inspection at the request of defense counsel. *See* Dkt. No. 47. Attached to the letter were several e-mail communications between defense counsel and the USPO in which defense counsel demanded to review records supporting the factual assertions in paragraph 5 of the Presentence Investigation Report, Dkt. No. 39 (the "PSR"). The attached e-mails indicate that in response to defense counsel's demands the USPO attempted to determine whether the defendant had objections to the factual accuracy of the statements in paragraph 5, since, presumably, the defendant would know whether she engaged in communications of the kind referenced in that paragraph. Defense counsel did not directly respond to the inquiries from the USPO but instead reiterated her demand to review the USPO's file. Defense counsel's September 14, 2026, letter concludes by requesting the Court order the USPO to provide the defense an opportunity to review the records supporting the assertions in paragraph 5 of the PSR.

On September 17, 2026, the Court directed the government to file a response to defense counsel's letter.

The USPO is an arm of the Court. As such, the records of the USPO, especially records generated as part of pre-trial supervision of a defendant, are typically not available for inspection by the parties. However, the assertions contained in paragraph 5 of the PSR relate to communications the defendant exchanged with others on a device the defendant possessed. Consequently, the best source of information to either corroborate or contradict those assertions is the defendant herself and/or the electronic device utilized by the defendant that was monitored during her pre-trial release.

It should also be noted that the assertions in paragraph 5 do not affect the calculation of the defendant's offense level or criminal history. Therefore, since the defendant, through counsel, has yet to challenge the veracity of those assertions, despite having the opportunity to do so, and being in the best position to know whether the communications referenced in paragraph 5 took place, the Court should consider the assertions in paragraph 5 at sentencing and afford them whatever weight the Court deems appropriate.

While defense counsel is critical of USPO for not disclosing information the defendant created, had direct access to, and knows is either true or false, the government is aware that the USPO attempted to elicit from defense counsel the defendant's position on the factual accuracy of the statements in paragraph 5 of the PSR. Instead of responding to the USPO, defense counsel demanded that the USPO open its file for inspection and now argues that the USPO's failure to do so is improper. It is the government's position that the USPO's decision to not open its file for inspection was not improper. However, to the extent that the Court believes it is now prudent, under the circumstances, to allow the parties to review records of the defendant's communications while on pre-trial release, the government does not object. If the Court chooses to disclose such information, the government respectfully suggests that the records be made available to the parties at the USPO to ensure the USPO can prevent any sensitive information contained therein from further dissemination.

Respectfully submitted,

By: */s/ Adrian LaRochelle*
Adrian LaRochelle
Assistant United States Attorney
Bar Roll No. 701266

Cc: Anne LaFex, Esq. (*via* ECF)